*691 In an action to recover damages for personal injuries, etc., the defendants Long Island Wrestling Officials Association, Inc., and Richard Petracca appeal from an order of the Supreme Court, Nassau County (Bruno, J.), dated June 4, 2012, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Long Island Wrestling Officials Association, Inc., and Richard Petracca for summary judgment dismissing the complaint insofar as asserted against them is granted.
On December 8, 2008, the then-15-year-old plaintiff Steven Rispoli (hereinafter the injured plaintiff) was injured while participating in a high school wrestling match during which he fell to the mat. The injured plaintiff, by his father, Ronald Rispoli, and Ronald Rispoli, individually, commenced this action, alleging, inter alia, that negligent refereeing caused or contributed to the injured plaintiff’s injury. Specifically, the plaintiffs alleged that the referee failed to stop the match when the wrestlers entered into a potentially dangerous position, even though the referee had previously stopped the match under the same circumstances. The defendants Long Island Wrestling Officials Association, Inc. (hereinafter LIWOA), and Richard Petracca (hereinafter the referee) moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied their motion.
“[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation” (Morgan v State of New York, 90 NY2d 471, 484 [1997]; see Trupia v Lake George Cent. School Disk., 14 NY3d 392, 395 [2010]). In assessing whether a defendant has violated a duty of care in the context of an injury sustained during a sport or game, the court must determine whether the defendant created a unique condition “ ‘over and above the usual dangers that are inherent in the sport’ ” (Morgan v State of New York, 90 NY2d at 485, quoting Owen v R.J.S. Safety Equip., 79 NY2d 967, 970 [1992]).
Here, the LIWOA and the referee (hereinafter together the appellants) demonstrated their prima facie entitlement to judgment as a matter of law by establishing that the injured plaintiff assumed the risk of injury by voluntarily participating in the sport of wrestling, thereby consenting to the commonly appreci *692 ated risks which are inherent in and arise out of the sport generally and flow from such participation. Furthermore, the appellants submitted evidence establishing that the wrestling position at issue was only considered potentially dangerous for the injured plaintiff’s opponent, not for the injured plaintiff, and, therefore, the referee’s failure to stop the match did not unreasonably increase the injured plaintiff’s risk of injury. In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court erred in denying the appellants’ motion for summary judgment dismissing the complaint insofar as asserted against them.
In view of the foregoing, we need not address the appellants’ remaining contentions. Mastro, J.E, Skelos, Balkin and Roman, JJ., concur. [Prior Case History: 2012 NY Slip Op 31585(U).]